Jared B. Pearson (12200)
**PEARSON LAW FIRM, PLLC**
9192 South 300 West, Suite 35
Sandy, Utah 84070
Telephone: (801) 888-0991
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CRAIG CUNNINGHAM and ANDREW PERRONG, on behalf of themselves and others similarly situation,<br><br>Plaintiffs,<br><br>vs.<br><br>OFFER SPACE, LLC,<br><br>Defendant. | **CLASS ACTION COMPLAINT**<br><br>Case No. 20-cv-00527-JCB<br><br>Judge: |

**CLASS ACTION COMPLAINT**

**Preliminary Statement**

1. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA,

generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2.  Plaintiffs Craig Cunningham and Andrew Perrong ("Plaintiffs") bring this action to enforce the consumer-privacy provisions of the TCPA alleging that Offer Space sent automated telemarketing text messages Both Plaintiffs also received calls to numbers on the National Do Not Call Registry. Also in violation of the TCPA, Offer Space failed to maintain adequate procedures to engage in telemarketing.

3.  The Plaintiffs and putative class members never consented to receive these calls. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiffs bring this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Offer Space.

4.  A class action is the best means of obtaining redress for the Defendant's wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5.  Plaintiff Andrew Perrong is a resident of Pennsylvania.

6.  Plaintiff Craig Cunningham is a resident of Texas.

7.  Defendant Offer Space is a limited liability company organized and existing under the laws of Utah with its principal place of business at 1261 South 820 East, Suite 210, American Fork, UT 84003.

**Jurisdiction & Venue**

8.      The Court has federal question subject matter jurisdiction over these TCPA claims.  *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

9.      Venue is proper under 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this District and the automated calls occurred from this District.

**TCPA Background**

10.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]"  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

<u>The TCPA Prohibits Automated Telemarketing Calls to Cellular Telephones</u>

11.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service or to a number that is charged per call.  *See* 47 U.S.C. § 227(b)(1)(A).  The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

12.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a

greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

13.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

14.     In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

The National Do Not Call Registry

15.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until

the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

16. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

The TCPA's Internal Do Not Call List Requirements

17. The TCPA's implementing regulations prohibit any company from initiating any telemarketing call unless the company has implemented internal procedures for maintaining a list of persons who request not to be called by the entity. 47 C.F.R. 64.1200(d). Such internal procedures must meet certain minimum requirements to allow the entity to initiate telemarketing calls. 47 C.F.R. 64.1200(d)(1)-(6).

18. This includes the requirements that:

- "Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list" (47 C.F.R. 64.1200(d)(1));

- "A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted." (47 C.F.R. 64.1200(d)(4))

5

19. Pursuant to 47 C.F.R. 64.1200(e), the rules set forth above in 47 C.F.R. 64.1200(d) are "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers…."

**Factual Allegations**

Calls to Mr. Perrong

20. Plaintiff Perrong is a "person" as defined by 47 U.S.C. § 153(39).

21. Mr. Perrong's telephone number, (215) 208-XXXX, is a cellular telephone number.

22. Mr. Perrong's telephone number, (215) 208-XXXX, has been on the National Do Not Call Registry and Pennsylvania Do Not Call Registry for more than a year prior to the calls at issue.

23. Mr. Perrong's telephone number, (215) 208-XXXX, is used for residential purposes only.

24. Mr. Perrong's telephone number, (215) 208-XXXX, is not associated with any business.

25. On March 25, 2020 and June 28, 2020 the Plaintiff received automated text messages from the Defendant.

26. Each text message is below:

March 25, 2020

```
mate, CBD MIRACLE PATCH, pain relief for your
whole body,  easier and faster. Get yours now!
```

```
                    purecbd1.xyz/0nSsVjg78P
                    Reply STOP to opt out
```

June 28, 2020

```
                    mate, 100% PURE CBD Oil. Reduce pain, stress,
                    inflammation  & Enhance focus. Get yours now!
                    cbd2oil.xyz/2Le1Rozr0x
                    Reply STOP to opt out
```

27. These calls were made with an ATDS, as that term is defined by the TCPA.

28. The Plaintiff knew the calls were made with an ATDS because:

    a. The Caller ID numbers for the texts (949-463-1189 and 718-406-6318) were spoofed;

    b. The calls were not personalized;

    c. The calls were commercial in nature; and

    d. Other individuals have complained of receiving the same spam calls. *See 1-718-406-6318*, 800Notes, https://800notes.com/Phone.aspx/1-718-406-6318 [https://archive.is/GDukY] ("text scam for CBP oils").

29. Offer Space was not identified in the text, in violation of the TCPA.

30. However, Offer Space sent the text messages, as Mr. Perrong confirmed their involvement by:

    a. Identifying Offer Space on the websites that were linked in the text messages;

    b. Locating the Offer Space customer support portal, which references the websites in the text messages;

      c.  Contacting Offer Space customer support that acknowledged the text messages.

31. Mr. Perrong also requested a copy of Offer Space's do not call policy, but he did not receive one.

32. In fact, within hours after Mr. Perrong sent an investigatory letter to Offer Space, Offer Space removed the DNS "A" records for the purecbd1.xyz domain and invalidated the URL for the cbd2oil.xyz message.

<u>Calls to Mr. Cunningham</u>

33. Plaintiff Cunningham is a "person" as defined by 47 U.S.C. § 153(39).

34. Mr. Cunningham's telephone number, (615) 331-XXXX, is assigned to a cellular telephone service.

35. Mr. Cunningham's telephone number, (615) 331-XXXX, is used for residential purposes only.

36. Mr. Cunningham's telephone number, (615) 331-XXXX, is not associated with any business.

37. Mr. Cunningham's telephone number, (615) 331-XXXX, had been on the National Do Not Call Registry for more than 31 days prior to his receipt of the first text message from the Defendant.

38. On June 2, 2020 and July 1, 2020, Mr. Cunningham received automated text messages from the Defendant.

39. Each text message is below:

June 2, 2020

> , 100% PURE CBD INFUSED GUMMIES is powerful &
> natural. Reduce pain & anxiety Get yours now!
> cbd2gummy.xyz/BjB6LUaBBQ
> Reply STOP to opt out

July 1, 2020

> mate, 100% PURE CBD INFUSED GUMMIES is powerful &
> natural. Reduce pain, & anxiety Get yours now!
> naturalcbdgummy.xyz/RJOcRKbWdK
> Reply STOP to opt out

40. Mr. Cunningham's telephone number, (615) 348-XXXX, is assigned to a cellular telephone service.

41. On April 26, 2020, Mr. Cunningham received the following automated text message from the Defendant:

> mate, 100% PURE CBD Oil, most powerful you
> can buy. Reduce pain, stress & enhance
> focus. Get yours now!
> itspure.xyz/Tw1HSBwP1T
> Reply STOP to opt out

42. These calls were made with an ATDS, as that term is defined by the TCPA.

43. The Plaintiff knew the calls were made with an ATDS because:

    a. The Caller ID numbers for the texts (657-237-6539, 657-428-9022 and 917-513-2709) were spoofed;

    b. The calls were not personalized;

9

      c. The calls were commercial in nature; and

      d. Other individuals have complained of receiving the same spam calls. *See 1-917-513-2709*, 800Notes, https://800notes.com/Phone.aspx/1-917-513-2709 [https://archive.is/b120j] ("Calls all the time. Does not leave any message.").

44. Offer Space was not identified in the text, in violation of the TCPA.

45. However, Offer Space sent the text messages, as Mr. Cunningham confirmed their involvement by:

      a. Identifying Offer Space on the websites that were linked in the text messages;

      b. Having Offer Space identified in another lawsuit as the sender of text messages that promoted the services that were offered in the text messages to Mr. Cunningham.

46. Mr. Cunningham had previously brought a lawsuit against Defendant's client for a prior text message.

47. Defendant was made aware of Mr. Cunningham's lawsuit.

48. Defendant still contacted Mr. Cunningham after the filing of that lawsuit with the above text messages.

49. Plaintiffs and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because their phone lines were tied up during the telemarketing calls and their privacy was improperly invaded. Moreover, these calls injured Plaintiffs and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiffs and the class. Furthermore, the

calls injured Plaintiffs because in many cases Plaintiffs were charged per minute or per character for the messages sent.

## Class Action Allegations

50. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiffs bring this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

51. The Classes of persons Plaintiffs propose to represent is tentatively defined as:

National Do Not Call Registry Class

> All persons within the United States to whom: (a) Defendant and/or a third party acting on their behalf, made at least two telephone solicitation calls during a 12 month period; (b) to a residential telephone number; (c) that had been listed on the National Do Not Call Registry for more than 31 days prior to the first call; (d) promoting the goods or services of the Defendant; (e) at any time in the period that begins four years before the date of filing this Complaint to trial.

Automated Call Class

> All persons within the United States to whom: (a) Defendant and/or a third party acting on its behalf, made one or more non-emergency telephone calls; (b) to their cellular telephone number or number that is charged per call; (c) using an automatic telephone dialing system or an artificial or prerecorded voice; and (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

Internal Procedures Class

> All natural persons within the United States to whom: (a) Defendant and/or a third party acting on their behalf, made two or more calls in a twelve-month period; (b) which constitute telemarketing; (c) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

52. Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

53. The Classes as defined above are identifiable through phone records and phone number databases.

54. The potential Class's members number at least in the thousands. Individual joinder of these persons is impracticable.

55. Plaintiffs are members of all of the Classes.

56. There are questions of law and fact common to Plaintiffs and to the proposed Classes, including but not limited to the following:

    a. Whether Defendant violated the TCPA by using automated calls to contact putative class members cellular telephones;

    b. Whether Defendant's initiated calls without obtaining the recipients' prior express invitation or permission for the call;

    c. Whether the Plaintiff and the class members are entitled to statutory damages because of Defendant's actions.

57. Plaintiffs' claims are typical of the claims of class members.

58. Plaintiffs are adequate representatives of the Classes because their interests do not conflict with the interests of the Classes, they will fairly and adequately protect the interests of the Classes, and they are represented by counsel skilled and experienced in class actions, including TCPA class actions.

59. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

60. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

61. Plaintiffs are not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violation of the TCPA's Do Not Call provisions

62. Plaintiffs incorporate the allegations from all previous paragraphs as if fully set forth herein.

63. Defendant violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2) by initiating multiple solicitation calls within a 12-month period to residential telephone numbers despite their registration on the National Do Not Call Registry, without signed, written prior express invitation or permission.

64. The Defendant's violations were negligent and/or willful.

**Count Two:**
**Violation of the TCPA's Internal Procedures Provision**

65. Plaintiffs incorporate the allegations from all previous paragraphs as if fully set forth herein. The foregoing acts and omissions of the Defendant constitute violations of the FCC's regulations implementing subsection 227(c) of the TCPA which prohibit anyone from making any call for telemarketing purposes to any residential or wireless telephone subscriber unless the caller has implemented the required minimum procedures for maintaining a list of persons who do not want to receive calls made by or on behalf of such person or entity. 47 C.F.R. 64.1200(d).

66. The Defendant failed to maintain an internal do-not-call list.

67. The Defendant failed to train its personnel as to the existence of and/or use of a do-not-call list.

68. The Defendant failed to have an internal do-not-call policy.

69. The Defendant failed to have its internal do-not-call policy available on demand.

70. The Defendant did not honor do-not-call requests, much less for five years as required.

71. The Defendant failed to properly identify itself in its text message marketing.

72. The Defendant's violations were willful and/or knowing.

## Count Three:
## Violation of the TCPA's Automated Call provisions

73. Plaintiffs incorporate the allegations from all previous paragraphs as if fully set forth herein.

74. The Defendant violated the TCPA by (a) initiating automated telephone solicitations to telephone numbers, or (b) by the fact that others made those calls on its behalf. *See* 47 U.S.C. § 227(b).

75. The Defendant's violations were willful and/or knowing.

76. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls, except for emergency purposes, to any telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

## Relief Sought

WHEREFORE, for themselves and all class members, Plaintiffs request the following relief:

A. Injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls, except for emergency purposes, to any telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

B. Because of Defendant's violations of the TCPA, Plaintiffs seek for themselves and the other putative Class members $500 in statutory damages per violation or—where such

regulations were willfully or knowingly violated—up to $1,500 per violation, pursuant to 47 U.S.C. § 227(b)(3); 47 U.S.C. § 227(c)(5).

D.  An order certifying this action to be a proper class action under Federal Rule of Civil Procedure 23, establishing any appropriate classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

E.  Such other relief as the Court deems just and proper.

**Plaintiffs request a jury trial as to all claims of the complaint so triable.**

Dated: July 28, 2020

Plaintiff,
By Counsel,

/s/ *Jared B. Pearson*
Jared B. Pearson (12200)
9192 South 300 West, Suite 35
Sandy, Utah 84070
Telephone: (801) 888-0991
E-mail: jared@pearsonlawfirm.org